## Case No. 1,491.

### BLAISDELL v. TUFTS.

[3 Ban. & A. 521;[1] 15 O. G. 881.]

Circuit Court, D. Massachusetts. Oct., 1878.

PATENTS—SODA-WATER APPARATUS.

Letters patent No. 40,811, granted to John H. Blaisdell, December 8th, 1863, for an improvement in soda-water apparatus, in view of the state of the art, *held* valid.

[In equity. Bill by John H. Blaisdell against James W. Tufts for infringement of letters patent. Interlocutory decree for complainant.]

Thomas W. Clarke, for complainant.

George L. Roberts and R. L. Roberts, for defendant.

LOWELL, District Judge. The complainant is the patentee, in patent No. 40,811, for an improvement in soda-water apparatus, granted December 8th, 1863. One part of the invention, relating to the supply of syrups, is not in issue. The second, divided into three claims, is for an arrangement for drawing the soda through two different deliveries with but one manipulation on the part of the operator. The inventor describes a compression-cock, working upon a washer and diaphragm, so that by turning the cock a short distance the soda-water is admitted into a small pipe, through which it is discharged into the tumbler with considerable velocity, in order to mix the syrup. By a further movement of the same cock the soda-water is permitted to enter a chamber surrounding the pipe, and through the chamber it flows down more slowly to fill the tumbler. The purpose of this construction is to dispense with the use of the condensing-bottle, and to save time, and thereby improve the beverage.

The claims said to be infringed are the first, third and fourth: "1. I claim, in a soda apparatus, the arrangement of one outlet for soda within another, substantially as described." "3. Also, the arrangement, in a soda apparatus, of a diaphragm, n, and disk, q, or the equivalent thereto, so as to act under pressure, as described, to admit into two or more passages, and to shut off therefrom, the soda applied from a common source. 4. Also, the formation of a chamber in a soda-discharge pipe, so as to operate to check the velocity of the discharge

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

under pressure, and thus supersede the employment of the condensing-bottle, substantially as set forth."

The defendant is licensed by Mr. Gee, whose patent is some months older than the complainant's, and during the long time that this case has been pending, he has made no draft tubes like the complainant's, as we understand. But he did make some such tubes several years ago, and has thereby infringed the patent to some extent.

The evidence shows clearly that the patentee was not the first to invent a mode of discharging soda-water which should avoid the necessity of using the condensing-bottle. The Gee apparatus delivers two streams of soda, one small and rapid and the other large and slow, into the tumbler without the use of a condensing-bottle, and the defendant contends that it is a much better working device than that of the plaintiff. There is some reason to suppose that it has proved a better device, but it is specifically different, because it makes use of two cocks instead of one. The question in the case is: What, if anything, is left to the plaintiff in the light of the evidence in the record?

Construing Blaisdell's patent, as we try to do all patents, ut res valeat, we think it can be sustained upon a narrow construction, which will give him his exact improvement.

We think his chamber is a somewhat different contrivance from any pipe which was used before, and may properly enough be distinguished by the name "chamber;" and that it is so described as to distinguish it, by giving it an enlargement followed by a contraction.

It is true that in one passage of the specification it is spoken of as a "chamber or enlargement;" but taking into consideration the drawings, and the other part of the description, in which a collar or diaphragm is mentioned, we think we may say that a mere enlargement does not satisfy the patent, unless it should be clearly proved that it has all the useful effect of an enlargement followed by a contraction, which we do not think is proved. This sustains the fourth claim. The first and third claims may, we think, be sustained in like manner, by confining them to the form of device which the plaintiff made—that is to say, the third as a diaphragm and disk, operating to admit the soda to two separate deliveries, and the first as being for a small outlet within a larger chamber, substantially as described.

The Gee apparatus, in the form in which Gee first tried it, but which he abandoned as being inferior to that which he patented, comes very near the plaintiff's invention; but we think the chamber and valve both somewhat different, and doubt whether the whole tube would operate satisfactorily to effect the purpose described in the patent. It was used so short a time that it is not clear that it actually had the mode of operation, to a sufficiently practical purpose, to avoid the patent.

Interlocutory decree for the complainant.

[NOTE. Patent No. 40,811 was granted to J. H. Blaisdell, December 8, 1863. For other cases involving this patent, see Blaisdell v. Dows, Case No. 1,489; Blaisdell v. Puffer, Id. 1,490.]